■ In the Matter of the Claim of WILLIAM MUNSIE, Deceased, Respondent, against BEN DI FIORE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and his insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits. Decedent was hospitalized for fractures of bones in his foot, sustained in a fall from a ladder. Four days later he fell or stepped from a porch of the hospital and died the same day as a result of the injuries thereby sustained. The board's memorandum decision rested in large part on the holding that appellants failed to rebut certain of the statutory presumptions in decedent's favor (Workmen's Compensation Law, § 21), including the presumptions that the claim comes within the act (subd. 1), that the injury or death was not occasioned by the employee's willful intention (subd. 3), and did not result solely from the employee's intoxication while on duty (subd. 4). As decedent was not "on duty" the last presumption is inapplicable. There being testimony that there was 0.21% by weight of ethyl alcohol in decedent's blood and that 0.15% is considered prima facie evidence of intoxication, it was incumbent upon the board to determine whether decedent was intoxicated and, if so, whether such condition was the sole cause of his death. The presumption of an industrial accident and that against willful self-injury or suicide had no place in the case "once the facts [were] fully developed". (Matter of Wilson v. General Motors Corp., 298 N. Y. 468, 472.) Here there was abundant proof of the salient facts. In its formal findings the board found: "The state of mind of the deceased and his power of rational reasoning was undermined by the fact that he was a chronic alcoholic and by the deprivation of alcoholic stimuli,

to which he was accustomed. The fall from the porch was due to his weakened ability to reason rationally and his inability to think clearly." The record does not support the finding of "deprivation of alcoholic stimuli" as a causative factor nor, indeed, is there substantial evidence of any such deprivation. There was medical testimony that decedent's fatal injuries were caused by delirium tremens precipitated by the trauma of the original accident but this does not appear to be the basis of the board's decision. Neither is it clear that the decision was grounded on any of the other theories suggested in the Attorney-General's brief. Decision and award reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted to the board for further proceedings. Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ., concur.